

Villanova University School of Law
Villanova University School of Law Digital Repository

2009 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

1-8-2009

# First Liberty Ins v. Budow

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-3418

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2009

Recommended Citation

"First Liberty Ins v. Budow" (2009). *2009 Decisions.* Paper 2063.
http://digitalcommons.law.villanova.edu/thirdcircuit_2009/2063

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2009 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 07-3418
_____

FIRST LIBERTY INSURANCE CORPORATION;
LIBERTY MUTUAL INSURANCE COMPANY,
Appellants

v.

ARIELLE BUDOW, a Minor; IRA BUDOW;
SUSAN FUCHS; ALBERT LOPEZ;
NEW JERSEY MANUFACTURER'S INSURANCE CO.

Arielle Budow, a Minor, Ira Budow, Susan Fuchs,
individually and on behalf of Arielle Budow

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil Action No. 05-cv-00088)
District Judge:  Honorable Cynthia M. Rufe

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
December 9, 2008

Before: MCKEE, SMITH, and ROTH, Circuit Judges

(Opinion filed: January 8, 2009 )

_____

OPINION
_____

SMITH, Circuit Judge.

Appellants Arielle Budow and her parents, Rabbi Ira Budow and Dr. Susan Fuchs[1] ("the Budows"), appeal from the District Court's entry of summary judgment in favor of Appellee First Liberty Insurance Corporation ("First Liberty"). For the reasons that follow, we will affirm.

Because we write primarily for the parties, who are already familiar with the facts and procedural history of this case, we only briefly repeat them here. On March 8, 2004, Arielle Budow, then fifteen years old, was a passenger in a car owned by the Budows. The car was driven by permissive driver Albert Lopez, who had been hired by the Budows to drive Arielle from their home in Yardley, Pennsylvania to her private school in Deal, New Jersey. On the day in question, Lopez was driving Arielle to school in a snowstorm when he apparently lost control of the vehicle and crashed into several trees. The impact caused the back bumper of the car to penetrate through the trunk area into the backseat where Arielle was seated. Arielle suffered several injuries as a result, requiring multiple surgeries and other extensive treatment.

At the time of the accident, the Budows' car was insured by First Liberty in the amount of $250,000 per person injured in an accident in liability coverage, and $1,000,000 in underinsured motor vehicle coverage ("UIM") after stacking. In addition, Lopez had $100,000 in liability insurance on his own vehicle, which was not involved in

---

[1]Because Budow was a minor at the time this lawsuit was filed in the District Court, Fuchs also served as her Guardian ad litem.

the accident, under a policy provided by New Jersey Manufacturer's Insurance Company.

In an action in New Jersey state court, Arielle sought the $350,000 in liability coverage available under the Budows' and Lopez's policies, as well as the UIM available under the Budows' policy.[2] First Liberty then filed the underlying declaratory judgment action asking the District Court to determine whether the UIM was available to Arielle in the state court action. The District Court determined that, under the plain language of the insurance contract entered into by First Liberty and the Budows, it was not, and that enforcement of that contract provision would not be contrary to public policy. Accordingly, the District Court entered summary judgment on this issue in favor of First Liberty. The Budows appeal.

The District Court had jurisdiction pursuant to 28 U.S.C. § 1332. We have appellate jurisdiction pursuant to 28 U.S.C. § 1291. We exercise plenary review over the District Court's entry of summary judgment, applying the same standard as the District Court applied in determining whether summary judgment was appropriate. See Norfolk Southern Ry. v. Basell USA Inc., 512 F.3d 86, 91 (3d Cir. 2008). We have reviewed the record and can find little to add to the District Court's thorough and well-reasoned opinion. Accordingly, we adopt the District Court's opinion as our own.

Based on the foregoing, we will affirm the judgment of the District Court.

---

[2]Initially, Arielle also sought to recover from an umbrella policy purchased by the Budows from Liberty Mutual Insurance Company in 2003. However, this coverage is not at issue in the instant appeal. (At. Br. 6.)

3